[No. 5836.]

THE GOLD GLEN MINING COMPANY v. STIMSON.

Corporations—Directors—Authority — The acts of the directors in a matter in which they have a direct personal interest do not bind the corporation, e. g.: where three directors vote to acknowledge what is not a debt of the corporation, and two of the three are, by such vote, made creditors of the company.—P. 408.

*Appeal from Denver District Court.*
*Hon. Samuel L. Carpenter, Judge.*

Mr. ERNEST L. WILLIAMS, for appellant.

Mr. MEL EMERSON PETERS, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action upon a promissory note. The answer denies its execution, and in separate defenses pleads lack of consideration, fraudulent representations of plaintiff in obtaining the note and that it was to be paid only out of a certain fund that has not been accumulated. At the close of all the evidence the court directed the jury to find for plaintiff in the amount of the note, and from the judgment entered upon this verdict defendant appealed.

The evidence discloses that plaintiff and several associates were promoters and the first directors and officers of defendant company, and while so acting, advanced money to it for developing its mines. An agreement was entered into between the company and its officers and a third person, who was doing the development work, which, so far as material here, is that those advancing money were to be repaid by the company only out of the net proceeds of the sale of ore. After this agreement was made these officers, including plaintiff, disposed of their holdings in the company and ceased to have any official relation with it. Afterwards plaintiff presented to the company his claim for the amount of his advances, and threatened, if the same was not paid, to bring suit upon it. Another suit by one of the other officers was pending at the time. Three of the directors of the company, then in office, held a meeting of the board, at which, after reciting the facts with reference to the advances, it was resolved to acknowledge the existence of the debts, and the president and secretary were instructed to sign and deliver to the creditors the company's notes as evidence thereof. The note sued upon is one of that issue. The evidence apparently was considered by the trial court as responsive only to the issue of fraud, and its relevancy to the issues

of a want of consideration and payment out of a certain fund seems to have been ignored. Of the three directors who were present and voted for the resolution, it is doubtful, under the evidence, if two of them knew that a written agreement of the import mentioned was entered into between the company and its officers. While it does appear that they had knowledge of some ''understanding,'' as they express it, between the officers themselves, with reference to the terms of payment, it does not clearly appear that they knew of the nature of this agreement, or that the company was a party to it; and it is a fair inference from the uncontradicted testimony, and they so testify, that these two directors would not have voted for the resolution, or waived any of the provisions of the written agreement, had they then known of its existence. Besides, two of the directors who voted for this resolution were not competent to act. They made advances and, by the resolution, were to receive notes. Their self interest in securing the acknowledgment and payment of their debts and their duty to the company conflicted. The resolution, depending as it does on their votes, is void, and does not bind the company. It is clear that under the agreement, had it not been for the subsequent action of the directors of the defendant, plaintiff could not have enforced his claim by suit; and when the agreement was introduced, so providing, and showing that it was not legally adopted, the defense of want of consideration was established, and the company was not bound by the illegal act of the board. There was no consideration for the giving of the note except plaintiff's claim for advances, and he had agreed not to press that claim until the company had sufficient funds to meet it. The company never received any net proceeds from the development of the mine or from the sale of ore.

.It is true, as plaintiff says, that the resolution of the board of directors recites that the company was indebted to its former officers not only for money advanced but for services performed. There is, however, no proof, aside from the language of the resolution, that any such services were ever performed, and for the reasons already given we do not attach any weight or importance whatever to its recitals. To say the least there was evidence before the court.which, together with the fair and legitimate inferences therefrom, was sufficient to justify a jury in finding that both of the defenses mentioned were proven.

For the reasons given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.